Maetin, J.
delivered the opinion of the court.
- The plaintiffs instituted suit on a promissory note of the defendant. The latter craved oyer, and afterwards a supplemental petition was filed wherein the plaintiffs state that the note had been sent to the State of Missouri for collection, and judgment obtained thereon there; and the note being on the files of the court, could not be withdrawn and oyer given of it. A second supplemental petition is now filed, stating that the defendant had made a written acknowledgment of the amount of the note, interest and costs, according to the judgment rendered thereon in Missouri.
The defendant pleaded res judicata, the judgment obtained in the State of Missouri, in which the plaintiffs’ debt on the note was merged and extinguished. The plaintiffs had judgment, and the defendant appealed.
It appears to us the district court erred. Whatever may be the practice in the common law States, an action cannot be supported here on a judgment obtained in this State, nor even execution sought in any other court than that in which judgment was rendered. Canal Bank et al. v. Copeland, 12 [454] La. Rep. 34. It is otherwise as to judgments obtained in a sister State or foreign country; for as to them it becomes often necessary to institute suit in order to arrest the person of the defendant, &c. The plaintiffs might, therefore, have brought suit on the record of the judgment rendered in Missouri, but not on a parol acknowledgment of it by the defendant.
It is therefore ordered, adjudged and decreed, that the judgment of the district court be annulled, avoided and reversed; and that there be judgment for the defendant as in case of nonsuit, the plaintiffs and appellees paying costs in both courts.